# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DANIEL ERIC SALLEY,**

    Plaintiff,

v.                                          **CIVIL ACTION NO.: 3:15-CV-143 (GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael John Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed R&R. Magistrate Judge Aloi issued his R&R [ECF No. 34] on June 28, 2017. In the R&R, he recommends that the Plaintiff's complaint [ECF No. 1] be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### I. Background

This civil action commenced on December 29, 2015, when the Plaintiff filed a complaint against the United States of America under the Federal Tort Claim Act. ECF No. 1. In the Plaintiff's first claim, he alleges that the United States Treasury Department sent him in excess of 550 billion dollars and that the Bureau of Prisons unlawfully denied him access to that money. Id. at 6. Next, he claims that he is being falsely imprisoned because the Northern District of Illinois found that he was "incompetent to stand trial" at

the time he was convicted.  Id. at 7.  Finally, he states that the Bureau of Prisons extorted $76,000 from the Plaintiff and his daughter, which constituted an "assault."  Id.

In his R&R, Magistrate Judge Aloi found that each allegation should be dismissed for failure to state a claim upon which relief can be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Aloi's R&R were due within fourteen days of the Plaintiff being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Plaintiff on June 28, 2017.  The Plaintiff accepted service on July 3, 2017 and filed objections on July 21, 2017.  Accordingly, the Court will undertake *de novo* review of those portions of Magistrate Judge Aloi's findings to which objection is made.  The Court will review the remainder of the R&R for clear error.

## III. Applicable Law

Initially, the Plaintiff objects to the legal standard applied by Magistrate Judge Aloi. Specifically, he argues that Magistrate Judge Aloi erroneously relied on Conley v. Gibson

in making his decision. ECF No. 36 at 2. Although the Court finds that Magistrate Judge Aloi applied the appropriate legal standards, the Court will reiterate the controlling law here.

Pursuant to 28 U.S.C. § 1915A(b) the Court is required to review certain civil actions brought by prisoners and must dismiss the case if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint fails to state a claim upon which relief can be granted if it does not provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Twombly, 559 U.S. at 555, 570.

### IV. Discussion

#### A. Plaintiff's First Ground for Relief

First, the Plaintiff alleges that the Bureau of Prisons is denying him access to over 550 billion dollars sent to the Plaintiff by the United States Department of Treasury. Magistrate Judge Aloi found that the Plaintiff's claim that the U.S. Treasury "remitted to him, based on his own directive, any amount, much less an amount equal to nearly one sixth of the United States' total revenues is fantastical." For that reason, Magistrate Judge Aloi determined that the Court could not "reasonably read the pleadings to state a

3

valid claim on which the [Plaintiff] could prevail." ECF No. 34 at 6-7.

In his objections, the Plaintiff argues that Magistrate Judge Aloi "analyzed the projected revenues and outlays for Fisal Year 2017" but that he is "claiming the outlay of 2009." ECF No. 36 at 5. However, the United States' outlays for 2009 were 3.5 trillion dollars. Accordingly, the Plaintiff still claims that the U.S. treasury remitted to him, based on his own directive, an amount equal to approximately one sixth of the United States' total outlays. The Court agrees with Magistrate Judge Aloi's finding that this claim is "fantastical." While the Plaintiff supplements his objections with "evidence" that he received over 550 billion dollars from the Treasury, this evidence amounts to no more than the Plaintiff's own statements.

Accordingly, the Plaintiff's objections are without merit. Having reviewed the record *de novo*, the Court finds that the Plaintiff failed to state a claim that is "plausible on its face." Therefore, the Plaintiff's first claim is **DISMISSED WITH PREJUDICE**.

### B. Plaintiff's Second Ground for Relief

Next, the Plaintiff alleges that he is being falsely imprisoned because he was found to be incompetent to stand trial at the time he was convicted. ECF No. 1 at 7. Magistrate Judge Aloi states that "a review of the pleadings in the Plaintiff's criminal case reveals," that there are "no facts or legal authority to even arguably support his claim." ECF No. 34 at 7-8. Accordingly, Magistrate Judge Aloi recommends that the claim be dismissed.

In his objections, the Plaintiff states that the magistrate judge has not reviewed the criminal docket and that "the criminal case is not closed because the ruling of incompetency . . . was never vacated and set aside." However, upon review of the

4

Plaintiff's criminal docket, it is clear that the Plaintiff was found "competent to stand trial." ECF No. 96 at 1, 13 in N.D.Ill. 1:01-CR-750. Moreover, the Plaintiff's criminal case does not remain open as he suggests.

Accordingly, the Plaintiff's objections are without merit. Having reviewed the record *de novo*, the Court finds that the Plaintiff failed to state a claim that is "plausible on its face." Therefore, this claim is **DISMISSED WITH PREJUDICE**.

### C. Plaintiff's Third Ground for Relief

Finally, the Plaintiff alleges that Bureau of Prison officials extorted $76,000 from him and his daughter, Eunice D. Salley. ECF No. 1 at 7. The only evidence presented in support of this claim was a disciplinary report which stated that the Plaintiff was disciplined for conducting a business while incarcerated. Accordingly, Magistrate Judge Aloi found that there was no factual or legal basis for the Plaintiff's claim and recommended that the claim be dismissed.

The Plaintiff does not make any specific factual or legal objections to this finding. He appears to change his claim and state that Bureau of Prison officials extorted money from his daughter by "sending pictures of dead bodies to her and myself through the mail and by the assistance of BOP officials." However, again, there is no factual basis for this claim.

Accordingly, the Plaintiff's objections are without merit. Having reviewed the record *de novo*, the Court finds that the Plaintiff failed to state a claim that is "plausible on its face." Therefore, the Plaintiff's third claim is **DISMISSED WITH PREJUDICE**.

### V. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Aloi's

Report and Recommendation [ECF No. 34] is hereby **ADOPTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket and to transmit copies of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** April 10, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE